IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERALD KING, Derivatively on Behalf of CEPHALON, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 1:08-cv-00054-GMS ) |
| FRANK BALDINO, JR., WILLIAM P. EGAN, MARTYN D. GREENACRE, VAUGHN M. KAILIAN, KEVIN E. MOLEY, CHARLES A. SANDERS, GAIL R. WILENSKY, and DENNIS L. WINGER, | ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CEPHALON, INC., A Delaware Corporation, | ) ) |
| Nominal Defendant. | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Dr. Frank Baldino, Jr., William P. Egan, Martyn D. Greenacre, Gail R. Wilensky, Vaughn M. Kailian, Charles A. Sanders, Dennis L. Winger and Kevin E. Moley, and nominal Defendant Cephalon, Inc. ("Cephalon" or "the Company") (collectively, "Defendants"), in answer to Plaintiff's Verified Shareholders' Derivative Complaint ("the Complaint"), state as follows:

The Complaint violates the Federal Rules of Civil Procedure by improperly mixing factual averments with argumentative rhetoric so as to make admissions or denials of such averments difficult, and at times, impossible. In addition, many of the allegations of the Complaint are overly broad, vague, conclusory, and/or include terms which are undefined and

susceptible to different meanings.  Accordingly, by way of general response, all allegations in the Complaint are denied, unless specifically admitted.  Moreover, any factual averment that is admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the averment or the Complaint as a whole.  To the extent that the headings used in the Complaint are intended to make averments of fact, they are denied.  To the extent that any allegations in the Complaint call for legal conclusions to which no responsive pleading is required, they are denied.  To the extent that any allegations in the Complaint are deemed to be factual, they are denied.  The comments and objections in this preliminary statement are incorporated, to the extent appropriate, into each numbered paragraph of this answer.

1. Defendants admit that Plaintiff purports to bring this action derivatively on behalf of Cephalon against certain of the Company's directors, and deny the remaining allegations contained in paragraph 1 of the Complaint.

2. Defendants admit that Cephalon has been subject to federal and state investigations, including the U.S. Attorney's Office ("USAO") in Philadelphia, the Department of Justice ("DOJ") and the Offices of the Attorney General in Connecticut and Massachusetts.  Cephalon has reached an agreement in principal with the U.S. Attorney's Office in Philadelphia and the U.S. Department of Justice, under which the Company expects to pay $425 million as part of a comprehensive settlement of Federal and related state Medicaid claims.  Defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

3.      Defendants admit that Cephalon continues to be investigated by the Connecticut and Massachusetts Attorney Generals.  Defendants deny the remaining allegations contained in paragraph 3 of the Complaint.

4.      To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      Defendants admit that Cephalon is incorporated in Delaware.  To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the remaining allegations contained in paragraph 5 of the Complaint.

6.      Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny them.

7.      Defendants admit that Cephalon is a Delaware corporation with its principal place of business located at 41 Moores Road, Frazer, Pennsylvania 19355.  Defendants admit that Cephalon is an international biopharmaceutical company engaged in the discovery, development and marketing of innovative products to treat human diseases, with the current focus in four therapeutic areas: in central nervous system disorders, pain, oncology and addiction.  Defendants admit that Cephalon is traded on NASDAQ under the symbol "CEPH."  Defendants admit that the Company's most significant product is PROVIGIL® and the Company's second most significant product is ACTIQ®, but deny any characterizations thereof.  Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.  Defendants deny that William P. Egan is the Presiding Director of the Company. Defendants admit the other allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint. By way of clarification, Beijing Med-Pharm Corporation is now called BMP Sunstone Corporation.

11. Defendants deny that Vaughn M. Kailian is Chairman of the Board of Viacell, Inc. Defendants admit the other allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny that Defendant Gail R. Wilensky is director of ManorCare. Defendants admit the other allegations contained in paragraph 14 of the Complaint. By way of clarification, Ms. Wilensky is a woman.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that Dennis L. Winger and Kevin E. Moley serve on Cephalon's Audit Committee. Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendants admit that in 2007, Cephalon's non-management directors receive an annual retainer of $35,000, in addition to $3,000 for each Board meeting attended in person or $2,000 for each telephonic Board meeting.  Defendants admit that Mr. Winger receives an additional retainer of $12,000 as Audit Committee Chair, and all other Committee members receive a retainer of $10,000.  Defendants admit that Mr. Egan receives additional compensation of $20,000 for his role as the Presiding Director of the Board of Directors.  Defendants admit that each director receives stock option grants of 15,000 shares upon his first election or appointment to the Board.  Defendants deny that directors receive an annual grant of 10,000 shares upon the date of each annual meeting of the Board.  Instead, directors receive an annual grant of 10,000 shares upon re-election to the Board at the annual meeting of the stockholders.  This compensation speaks for itself and Defendants deny any characterization thereof.

21.     To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 21 of the Complaint.  To the extent that any allegations in paragraph 21 are deemed to be factual, they are denied.

22.     Defendants admit that drug companies must apply to the FDA for approval to sell a new drug, and that drug manufacturers often seek FDA approval for many different purposes.  Defendants also admit that the FDA sometimes approves the drug for a narrower use than sought.  Defendants admit that drug companies budget for marketing the medical community, but deny the allegation that manufacturers frequently lobby doctors to prescribe a drug for a non-approved or off-label use.  Defendants are without knowledge and information sufficient to form

a belief as to the truth of the allegation that "the market for off-label use often vastly exceeds the approved FDA use."

23.     Defendants admit that federal regulations govern what form the promotion of pharmaceutical products can take.  These regulations speak for themselves and Defendants deny any characterizations or paraphrasing thereof.

24.     21 U.S.C. §360aaa *et seq*. speaks for itself, and Defendants deny any characterizations or paraphrasing thereof.

25.     21 U.S.C. §360aaa *et seq*. speaks for itself, and Defendants deny any characterizations or paraphrasing thereof.

26.     Defendants admit only that ACTIQ® is a Schedule II controlled substance indicated only for the management of breakthrough cancer pain in patients sixteen and older with malignancies who are already receiving and who are tolerant to opioid therapy for their underlying persistent cancer pain.  The indication and use of the product is stated in the prescribing information.  Defendants deny any characterization or paraphrasing thereof.  Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit that Actiq is contraindicated in the management of acute or postoperative pain and must not be used in opioid non-tolerant patients, and that Actiq is intended to be used only in the care of cancer patients and only by oncologists and pain specialists who are knowledgeable of and skilled in the use of Schedule II opioids to treat cancer pain.  The indication and use of the product is stated in the prescribing information.  Defendants

deny any characterization or paraphrasing thereof. Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The Wall Street Journal article, dated November 3, 2006, speaks for itself, and Defendants deny any characterization or paraphrasing thereof. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The Wall Street Journal article, dated November 21, 2006, speaks for itself, and Defendants deny any characterization or paraphrasing thereof. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Cephalon's Form 10-Q, filed on November 9, 2007, speaks for itself, and Defendants deny any characterization or paraphrasing thereof. To the extent paragraph 32 contains any allegations, Defendants deny them.

33. Defendants admit that Plaintiff purports to bring this complaint derivatively. Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants admit that Plaintiff has not made any demand on the Board of Directors of Cephalon to institute this action. Defendants deny the other allegations contained in paragraph 35 of the Complaint.

a-e.    To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 35a-e of the Complaint.  To the extent that any allegations in paragraph 35a-e are deemed to be factual, they are denied.

f.    Defendants admit outside directors received compensation for services as Board members to Cephalon.  Defendants admit that Dr. Baldino received compensation for his service as CEO of Cephalon.  Defendants deny the remaining allegations contained in paragraph 35f of the Complaint.

g.    To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 35g of the Complaint.  To the extent that any allegations in paragraph 35g are deemed to be factual, they are denied.

h.    To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 35h of the Complaint.  To the extent that any allegations in paragraph 35h are deemed to be factual, they are denied.

36.    Defendants repeat and incorporate by reference their responses to paragraphs 1 through 35, as if set forth fully herein.

37. To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 38 of the Complaint.

> a-c. To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 38a-c of the Complaint.

39. To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 39 of the Complaint. To the extent that any allegations in paragraph 39 are deemed to be factual, they are denied.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 40, as if set forth fully herein.

42. To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 42 of the Complaint. To the extent that any allegations in paragraph 42 are deemed to be factual, they are denied.

43. To the extent that the allegations call for legal conclusions to which no responsive pleading is required, Defendants deny the allegations contained in paragraph 43 of the Complaint. To the extent that any allegations in paragraph 43 are deemed to be factual, they are denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff and award Defendants their costs, attorneys' fees, and such other relief as may be just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff failed to make demand upon the Cephalon Board of Directors as required by Federal Rule of Civil Procedure 23.1 and by Delaware law.

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

Cephalon has not suffered any legally cognizable losses or damages for which Plaintiff may seek redress on behalf of Cephalon.

### Fourth Affirmative Defense

Any injury sustained by Cephalon was not directly or proximately caused by the alleged breaches of duty as set forth in the Complaint.

### Fifth Affirmative Defense

Plaintiff lacks standing to bring the claims asserted in the Complaint.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

### Eighth Affirmative Defense

Defendants acted at all times and in all respects in good faith and with due care and did not engage in any conduct which would constitute a breach of fiduciary duty.

### Ninth Affirmative Defense

Defendants exercised good faith business judgment in overseeing the management of the Company.

### Tenth Affirmative Defense

Any injury, damage or loss suffered as alleged in the Complaint was the result of facts, circumstances and factors brought about by persons other than Defendants and for which Defendants bear no legal or other responsibility.

### Eleventh Affirmative Defense

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this case and hereby reserve all rights to assert such defenses.

| | |
|---|---|
| Dated: Wilmington, DE<br>March 31, 2008 | Respectfully submitted,<br><br>McCARTER & ENGLISH, LLP<br><br>/s/ Daniel M. Silver<br>_____<br>Michael P. Kelly (#2295)<br>mkelly@mccarter.com<br>Daniel M. Silver (#4758)<br>dsilver@mccarter.com<br>McCarter & English, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>Phone: 302.984.6300<br>Attorneys for Defendants and<br>Nominal Defendant<br><br>Steven B. Feirson<br>Michael L. Kichline<br>Michael J. Newman<br>DECHERT LLP<br>Cira Centre, 2929 Arch Street<br>Philadelphia, PA 19104<br>Phone: 215.994.4000<br>Fax: 215.994.2222<br><br>*Attorneys for the Defendants*<br>*Dr. Frank Baldino, Jr., William P. Egan,*<br>*Martyn D. Greenacre, Gail R. Wilensky,*<br>*Vaughn M. Kailian, Charles A. Sanders,*<br>*Dennis L. Winger, Kevin E. Moley, and*<br>*Cephalon, Inc.* |